UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| HOLIDAY LANES, L.L.C. | : CIVIL ACTION NO. |
| | : |
| VERSUS | : JUDGE |
| | : |
| SCOTTSDALE INSURANCE CMPANY and | : |
| MARKEL INSURANCE COMPANY | : MAGISTRATE |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## NOTICE OF REMOVAL

Defendant, SCOTTSDALE INSURANCE COMPANY ("Scottsdale"), by and through undersigned counsel, hereby gives notice of the removal of this action from the 26th Judicial District Court, for the Parish of Bossier, Louisiana, to the United States District Court for the Western District of Louisiana. In support of its Notice of Removal, Scottsdale states as follows:

1. This action was originally commenced by HOLIDAY LANES, L.L.C., on April 15, 2025, through the filing of a Petition for Damages in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana, captioned "*Holiday Lanes, L.L.C. v. Scottsdale Insurance Company and Markel Insurance Company,*" and assigned Docket No. 175,828.

2. The United States District Court for the Western District of Louisiana is the court embracing the place wherein such action is pending in state court. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Scottsdale Insurance Company was served with plaintiff's Petition on or about May 2, 2025.

4. Contrary to the provisions of La. C.C.P. art. 893, the Petition did not identify or affirmatively reveal on its face the amount in controversy to establish a threshold requirement for diversity jurisdiction.

5. Accordingly, the 30-day time period set forth in 28 U.S.C. §1446(a) was not triggered.

6. Counsel for Scottsdale obtained the estimate of Premier Claims, LLC totaling $652,841.17 on June 3, 2025. *See Estimate,* attached as Exhibit B.

7. Accordingly, the amount in controversy for purposes of 28 U.S.C. §1332 exceeds $75,000.

8. The 30-day period for removal began to run on June 3, 2025 because that is the date on which Scottsdale could first ascertain the case is one which is or has become removable.

9. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

10. Counsel for Scottsdale conferred with Counsel for Co-Defendant, Markel Insurance Company. Markel Insurance Company consents to removal of this action pursuant to 28 U.S.C. § 1446. *See* Notice of Consent to Removal, attached as Exhibit C.[1]

---

[1] The Notice of Consent to Removal is also being filed separately following the filing of this instant Notice of Removal.

## Diversity of Citizenship

11. This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12. Plaintiff, HOLIDAY LANES, L.L.C., is a Louisiana limited liability company with its principal place of business in Louisiana. *See Petition for Damages,* at p. 1, attached as Exhibit A.

13. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Scottsdale Insurance Company, was and is incorporated under the laws of Ohio, with its principal place of business in Arizona.

14. At the time of the filing of the Petition for Damages and at all times thereafter, defendant, Markel Insurance Company, was and is incorporated under the laws of Illinois, and maintains a statutory home office in Illinois, with its principal place of business in Virginia.

15. Complete diversity of citizenship existed at the time of the filing of the Petition, and at all times thereafter, between plaintiffs and defendant.

## Amount in Controversy

16. Louisiana Code of Civil Procedure Article 893A(1) articulates the following:

    The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish… the lack of jurisdiction of federal courts due to insufficiency of damages… a general allegation that the claim exceeds or is less than the requisite amount is required.

17. As a result, Article 893 requires plaintiff to generally state that the claim is less than the jurisdictional amount in order to establish a lack of federal jurisdiction.

18. Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[2] The removing defendant may prove the amount in controversy by establishing that the claims are likely above $75,000.[3]

19. Accordingly, the 30-day time period set forth in 28 U.S.C. §1446(a) was not triggered.

20. Plaintiff's Petition alleges that it retained Premier Claims, LLC, but does not attach any estimate or report of Premier Claims, LLC. *See* Exhibit A, Petition for Damages, at pp. 5-6.

21. Counsel for Scottsdale obtained the estimate of Premier Claims, LLC totaling $652,841.17 on June 3, 2025. *See* Exhibit B, *Estimate of Premier Claims, LLC.*

---

[2] *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880 at 882-883 (5th Cir. 2002).
[3] *Id.*

22. Accordingly, the amount in controversy for purposes of 28 U.S.C. §1332 exceeds $75,000.

23. The 30-day period for removal began to run on June 3, 2025 because that is the date on which Scottsdale could first ascertain the case is one which is or has become removable.

24. This pleading is filed within 30 days of receipt of "other paper" on which Scottdale could first ascertain the case is one which is or has become removable.

25. Accordingly, removal is timely.

26. This Court has jurisdiction over this matter, and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.

## Removal

27. As shown above, this civil action is one in which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, in that it is a civil action between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. Therefore, this action may be removed pursuant to 28 U.S.C. § 1441.

28. Pursuant to 28 U.S.C. § 1446(d), Plaintiff, HOLIDAY LANES, L.L.C., is being provided with a copy of this Notice of Removal and a copy is also being filed with the Clerk of the 26th Judicial District Court for the Parish of Bossier, State of Louisiana.

29. Scottsdale attaches a copy of all process, pleadings, and orders served upon it at the time of removal.[4]

30. Consistent with the provisions of 28 U.S.C. § 1446(d), no further proceedings shall occur in this matter in the 26th Judicial District Court for the Parish of Bossier, State of Louisiana.

31. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies reading the foregoing Notice of Removal, that to the best of their knowledge, information and belief formed after reasonable inquiry, it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, and that it is not interposed for any improper purpose.

32. By filing this Notice of Removal, Scottsdale does not waive, and hereby reserve all defenses and objections to the Plaintiff's Petition for Damages.

WHEREFORE, SCOTTSDALE INSURANCE COMPANY, respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law inasmuch as this Court has jurisdiction over the dispute because all parties are completely diverse and the jurisdictional amount has been met.

*[Signature block on next page.]*

---

[4] 28 U.S.C. §1446(a).

RESPECTFULLY SUBMITTED,

BY: *s/ Jennifer R. Dietz*
John P. Wolff, III (#14504)
Jennifer R. Dietz (#33804)
**Keogh, Cox & Wilson, Ltd.**
701 Main Street (70802)
P. O. Box 1151
Baton Rouge, LA   70821
Telephone:   (225) 383-3796
Facsimile: (225) 343-9612
Email: jwolff@keoghcox.com
          jdietz@keoghcox.com
*Counsel for Scottsdale Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above and foregoing has been served this day upon all known counsel of record by placing a copy in the United States Mail, properly addressed and postage prepaid, and/or by electronic transmission and/or facsimile transmission.

Baton Rouge, Louisiana, this 12th day of June, 2025.

*s/ Jennifer R. Dietz*
JENNIFER R. DIETZ