UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HOLIDAY LANES L L C                           CIVIL ACTION NO. 25-cv-820

VERSUS                                        JUDGE VAN HOOK

SCOTTSDALE INSURANCE CO ET AL                 MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

**Introduction**

Holiday Lanes, LLC filed this civil action based on a property damage claim. Before the court is Plaintiff's **Motion to Quash Subpoena (Doc. 17)**. Plaintiff seeks to quash a subpoena issued to Plaintiff's engineering expert witness, Gurtler Brothers, on the basis that the information sought should be directed through the avenues of discovery provided in Rule 26 and Rule 34 and not via a Rule 45 subpoena. Plaintiff also seeks to quash the subpoena on the basis that it is overbroad and that some of the requests seek protected information, including privileged communications, notes, and drafts of the expert's reports.

Defendant acknowledges that Rule 26 protects the disclosures of communications between Plaintiff, his counsel and the expert. Defendant also acknowledges that drafts of an expert report are protected. Defendant further argues that Plaintiff does not have standing to raise any other objections to the subpoena. Plaintiff's reply does not address the standing issue.

**Law and Analysis**

Parties have limited standing to quash subpoenas served on nonparties pursuant to Rule 45. <u>Nelson v. Landry</u>, 2023 WL 2574020 (M.D. La. 2023). More specifically, a plaintiff cannot challenge a Rule 45 subpoena directed to a third party on the basis that it violates another person's privacy rights, that the subpoena is overly broad, or that the subpoena seeks information that is irrelevant because only the responding third party can object or seek to quash a Rule 45 subpoena on those grounds. <u>Id</u>. Nevertheless, a party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash. <u>Hardy v. Scandinavian Airlines Sys.</u>, 2025 WL 416106 (E.D. La. 2025).

Regardless of whether a party has standing under Rule 45, a party does have standing to challenge Rule 45 subpoenas on substantive grounds (i.e., personal right/privilege). When a subpoena is challenged, modification of the subpoena, rather than quashing the subpoena, is the preferred approach. <u>Id</u>.

While Plaintiff should have filed a motion for protective order instead of a motion to quash, the court will not, in the interest of expediency, require Plaintiff to file a new motion. Instead, the court hereby modifies the subpoena as follows. Request Nos. 1, 5, 6 and 7 are modified to protect (1) the attorney's and the expert's notes, (2) communications with the expert (except as allowed by Rule 26(b)(4)(c)), and (3) drafts of the expert's report. Except as expressly granted above, the motion to quash is denied.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 16th day of January, 2026.

Mark L. Hornsby
U.S. Magistrate Judge